UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ERSALINE EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-278 (RMC) |
| ) | |
| INGLEHART *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

In this civil action filed *pro se*, Plaintiff Ersaline Edwards alleges that she was unlawfully arrested for writing a bad check. She names as defendants "Inglehart and [] unknown members of the Federal Protection Agency," "Ms. Cherry," LaTasha Hicks and "unknown members of the Agricultural Federal Credit Union ("Credit Union")." Amended Compl. [Dkt. # 22]. Federal Protective Service ("FPS") and Ms. Cherry move separately to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Upon consideration of the parties' submissions and the entire record, the Court finds that it lacks subject matter jurisdiction over the claims against FPS and that Ms. Edwards has failed to state a federal claim against Ms. Cherry. Hence, the Court will grant each motion [Dkt. ## 23, 28] and, pursuant to 28 U.S.C. § 1915, will dismiss the complaint in its entirety.[1]

---

[1] In *in forma pauperis* proceedings such as this, the Court has a statutory obligation to dismiss "the case at any time" it determines that the complaint fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Ms. Edwards alleges the following. In June 2006, she responded to a part-time job advertisement to stuff envelopes. A man named Sam delivered to Ms. Edwards prepaid envelopes and papers to enclose in the envelopes. After stuffing the envelopes, Ms. Edwards took them to the post office, mailed them and contacted Sam. *See* Am. Compl.("Statement of the Case") ¶¶ 1-4. Ms. Edwards supplied Sam "her credit card" to arrange her payment by direct deposit into her bank account. *Id*. ¶ 4. She withdrew money from her bank account "a couple days later" to pay bills. *Id*. ¶ 5. In July 2006, the Credit Union informed Ms. Edwards that her withdrawal "was at error [] because the check deposited was no good." *Id*. ¶ 6. In October 2006, Ms. Edwards went to the Navy Yard and met Mr. Inglehart who "escorted her to the [FPS]." *Id*. ¶ 9. At Mr. Inglehart's request, Ms. Edwards wrote a statement about "the incident." *Id*. He told Ms. Edwards "that she should still pay the money . . . back because if not she might get arrested." *Id*. Ms. Edwards "paid $1,000.00 to the Credit Union." *Id*. at 3 ¶ 11. When she attempted to make another payment, Ms. Hicks told Ms. Edwards that Ms. Cherry had "ordered [her] not to accept any more payments." *Id*. ¶ 12. Ms. Cherry told Ms. Edwards that "no payments should have been accepted." *Id*.

In November 2006, Ms. Edwards turned herself "in to law enforcement officials" after learning that a warrant had been issued for her arrest; she appeared in court and was released on personal recognizance. *See id*. ¶¶ 13-15. Thereafter, Ms. Edwards was arrested at her job site "in front of the mass public (hundreds of people)" by "federal law enforcement officials" and taken to the Washington Navy Yard. *Id*. ¶¶ 19-20. The arresting officers ignored her protest that she had already been arrested on the warrant and her offer to show them the "court order release in her pocket." *Id*. ¶ 18. At the Navy Yard, Ms. Edwards explained her predicament to Mr. Inglehart, who

released her "after a lengthy absurd interrogation." *Id*. ¶¶ 20-21. When Ms. Edwards applied for a job as a security officer, "personnel officials [told her] that Mr. Inglehart had been there and told them that she had been arrested for writing checks." *Id*. ¶ 22.

Ms. Edwards initiated this civil action on February 12, 2009, claiming that the defendants engaged in a "conspiracy to deprive [her] of her Constitutional Rights, False imprisonment/ arrest, discrimination and denial of Due Process of the laws." *Id.* ("Civil Complaint") at 1. She seeks $500,000 in monetary damages and expungement of the arrest record.[2]

## II. DISCUSSION

### A. Subject Matter Jurisdiction

On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Because FPS is a component of the Department of Homeland Security's Immigration and Customs Enforcement, Ms. Edwards's damages claim against FPS is properly pursued under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq*.

FTCA claims are maintainable in court only after the plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency" and obtaining a "final disposition" in writing. 28 U.S.C. § 2675(a). A claim is deemed denied, and thus exhausted, if the agency fails to provide a final disposition six months after its submission. The

---

[2] "[C]ourts have the inherent, equitable power to expunge arrest records . . . when that remedy is necessary and appropriate in order to preserve basic legal rights." *Livingston v. U.S. Dep't. of Justice,* 759 F.2d 74, 78 (D.C. Cir. 1985) (citation and internal quotation marks omitted). As will become apparent, this case does not merit the Court's consideration of expungement, which besides would require the balancing of "critical facts" not readily ascertainable. *Id*. at 79.

FTCA's exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996).

"To satisfy the FTCA's exhaustion requirement [], an administrative claim must describe the alleged injury with sufficient particularity to allow the agency to investigate and assess the strength of the claim." *Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam). Ms. Edwards claims that "she did" file a claim "with the Home Land Security," but also suggests that she was misinformed about filing an FTCA claim and, thus, did not file a proper claim. Pl.'s Opp'n to Fed. Protective Agency's Mot. to Dismiss [Dkt. # 35] at 2. Because Ms. Edwards has not provided any proof that she submitted an administrative claim, the Court lacks a basis to find that she exhausted her administrative remedies either actually or constructively. It therefore grants FPS's Rule 12(b)(1) motion to dismiss. *See Abdurrahman*, 168 Fed.Appx. at 445 ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction.").

B. <u>Failure to State a Claim</u>

At this pleading stage, a complaint may be dismissed for failure to state a claim upon a determination that the plaintiff cannot establish "any set of facts consistent with the allegations in the complaint" to support the alleged violation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "A pleading that [merely] offers 'labels and conclusions' [] 'a formulaic recitation of the elements of a cause of action' [or] 'naked assertion[s]' devoid of 'further factual enhancement'" cannot survive a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*). In ruling on a motion to dismiss, the Court need not accept legal conclusions cast as factual allegations, *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir.

2004), or "inferences drawn by [the plaintiff] if such inferences are unsupported by the facts set out in the complaint," *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Although Ms. Edwards invokes the First, Fifth and Fourteenth Amendments to the Constitution, Am. Compl. ("Jurisdiction") at 1, she has not stated any facts that even suggest how she was deprived of her First Amendment right to redress grievances and her Fifth Amendment rights to "just compensation and equal protection." *Id*.  In addition, Ms. Edwards's Fourth Amendment claim of an unlawful seizure and Fifth Amendment claim of a due process violation, *see id*., are belied by her own acknowledgment that the alleged arrest was based on a warrant that she does not contend was invalid.  A detention even "for a period of days[,]" while perhaps forming the basis of a tort claim under local law, "gives rise to no claim under the United States Constitution" if it is based on a facially valid warrant.  *Baker v. McCollan*, 443 U.S. 137, 144 (1979), *accord Harper v. McDonald*, 679 F.2d 955, 959 (D.C. Cir. 1982).

Finding no facts to support a claim that the individually named defendants violated the Constitution or federal law, the Court dismisses the federal claim and, pursuant to 28 U.S.C. § 1367(a), declines to exercise supplemental jurisdiction over any common law claims.[3]

### III. CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over the claims against the Federal Protective Service and that Ms. Edwards has failed to state a federal claim upon which relief can be granted against all other defendants.

---

[3] Presumably Ms. Edwards may pursue such claims in the Superior Court of the District of Columbia.

A separate Order dismissing the complaint in its entirety accompanies this Memorandum Opinion.

Date: September 1, 2009                              /s/
                                             ROSEMARY M. COLLYER
                                             United States District Judge